## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, and FOSTER ALLEN HAINES,** | § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CASE NO. _____** |
| **MICHELLE LUJAN GRISHAM, in her official capacity as the Governor of the State of New Mexico, and PATRICK M. ALLEN, in his official capacity as the Secretary of the New Mexico Department of Health,** | § § § § § § § | |
| **Defendants.** | § | |

## PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

National Association for Gun Rights ("NAGR") and Foster Allen Haines ("Haines") submit the following Complaint for Declaratory and Injunctive Relief against Defendants Michelle Lujan Grisham, in her official capacity as the Governor of the State of New Mexico ("Governor Grisham"), and Patrick M. Allen, in his official capacity as the Secretary of the New Mexico Department of Health ("Secretary Allen").

## I. INTRODUCTION

1.     Governor Grisham issued Executive Order 2023-130 (the "Executive Order") on September 7, 2023. A copy of the Executive Order is attached as Exhibit A. In the

Executive Order Governor Grisham declared that a state of emergency exists in in New Mexico due to gun violence.

2.      Based on the Executive Order, Secretary Allen issued "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures" dated September 8, 2023 (the "PHE Order"). A copy of the PHE Order is attached as Exhibit B.

3.      The PHE Order states in relevant part (which portion shall be referred to herein as the "Carry Prohibition"):

> (1) No person, other than a law enforcement officer or licensed security officer, shall possess a firearm, as defined in NMSA 1978, Section 30-7-4.1 , either openly or concealed, within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 according to Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023 according to the New Mexico Department of Public Health, except:
>
> > A.  On private property owned or immediately controlled by the person;
> >
> > B.  On private property that is not open to the public with the express permission of the person who owns or immediately controls such property;
> >
> > C.  While on the premises of a licensed firearms dealer or gunsmith for the purpose of lawful transfer or repair of a firearm;
> >
> > D.  While engaged in the legal use of a firearm at a properly licensed firing range or sport shooting competition venue; or
> >
> > E.  While traveling to or from a location listed in Paragraphs (1) [*sic*] through (4) [*sic*] of this section; provided that the firearm is in a locked container or locked with a firearm safety device that renders the firearm inoperable, such as a trigger lock.

4.      For purposes of this Complaint, a city or county in New Mexico that averaged 1,000 or more violent crimes per 100,000 residents per year since 2021 according to

Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023 according to the New Mexico Department of Public Health shall be referred to as an "Affected Area."

5.     For purposes of this Complaint, the following shall be referred to as "Plaintiffs' Proposed Conduct": (a) possessing firearms in public for lawful purposes, including self-defense; and (b) going to private businesses open to the public while lawfully carrying a firearm for lawful purposes, including self-defense, without first obtaining the express affirmative permission of the person who owns the property.

## II.  PARTIES

6.     Plaintiff NAGR is a nonprofit organization that seeks to defend the right of all law-abiding individuals to keep and bear arms. NAGR has members who reside in New Mexico and in an Affected Area. NAGR represents the interests of these members. Specifically, NAGR represents the interests of those who are affected by the Carry Prohibition's blatantly unconstitutional prohibition on Plaintiffs' Protected Conduct in Affected Areas. It is these members' present intention and desire immediately to engage in Plaintiffs' Protected Conduct in Affected Areas. These members are precluded from doing so by the Carry Prohibition, which deprives them of their fundamental right to keep and bear arms for lawful purposes protected by the Second Amendment.

7.     Plaintiff Haines lives in an Affected Area, specifically Albuquerque, New Mexico. Haines is an adult and has never been convicted of any crime. Haines is

affected by the Carry Prohibition's blatantly unconstitutional prohibition on law-abiding adults engaging in Plaintiffs' Proposed Conduct in Affected Areas. It is Haines' present intention and desire immediately to engage in Plaintiffs' Proposed Conduct in Affected Areas. Haines is precluded from doing so by the Carry Prohibition, which deprives him of his fundamental right to keep and bear arms for lawful purposes protected by the Second Amendment.

8.      Defendant Governor Grisham is the Governor of the State of New Mexico. This action is brought against her in her official capacity.

9.      Defendant Secretary Allen is the Secretary of the New Mexico Department of Health. This action is brought against him in his official capacity.

10.     Under New Mexico law, Defendants are charged with enforcing the Carry Prohibition. Defendants are enforcing and will continue to enforce the unconstitutional Carry Prohibition against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

11.     The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

12.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

13.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## IV.  GENERAL ALLEGATIONS

14.     The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

15.     The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra.*

16.     In *Bruen*, the Court held: "We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.*, 142 S. Ct. at 2129-30.

17.     Plaintiffs' Proposed Conduct described in paragraph 5 is covered by the plain text of the Second Amendment. *See Bruen*, 142 S. Ct. at 2156, and *Wolford v. Lopez*, 2023 WL 5043805, at *29 (D. Haw. Aug. 8, 2023). Therefore, the Constitution

5

presumptively protects that conduct. In other words, the Carry Prohibition's prohibition of their conduct is presumptively unconstitutional.

18.    Since the Second Amendment presumptively protects Plaintiffs' Proposed Conduct described in paragraph 5, the State must justify the Carry Prohibition by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. But it is impossible for the State to meet this burden, because there is no such historical tradition of firearms regulation in this Nation. *See Bruen*, 142 S. Ct. at 2156, and *Wolford v. Lopez*, 2023 WL 5043805, at \*29 (D. Haw. Aug. 8, 2023).

19.    In summary, the plain text of the Second Amendment covers Plaintiffs' Proposed Conduct described in paragraph 5. Therefore, the Carry Prohibition is presumptively unconstitutional. The State is unable to rebut this presumption, because the regulation is not consistent with Nation's historical tradition of firearm regulation. Therefore, the Carry Prohibition is unconstitutional to the extent it prohibits law-abiding citizens from engaging in Plaintiffs' Proposed Conduct.

## V. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

20.    The foregoing paragraphs are realleged and incorporated by reference.

21.    Plaintiffs' Proposed Conduct described in paragraph 5 is covered by the plain text of the Second Amendment and is therefore presumptively protected by the Constitution. The State cannot satisfy its burden of justifying the Carry Prohibition's restrictions on the Second Amendment rights of the People by demonstrating that they are consistent with this Nation's historical tradition of firearm regulation.

22.     Therefore, the Carry Prohibition infringes the rights of the people, including Plaintiffs, to keep and bear arms as protected by the Second Amendment. There are significant penalties for violations of the law.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

23.     Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Carry Prohibition is unconstitutional on its face or as applied to the extent it prohibits law-abiding adults from engaging in Plaintiffs' Proposed Conduct described in paragraph 5;

24.     Enter preliminary and permanent injunctive relief enjoining Defendants and their officers, agents, and employees from enforcing the Carry Prohibition;

25.     Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law;

26.     Award actual or nominal damages to the individual Plaintiffs (NAGR does not seek damages); and

27.     Grant any such other and further relief as the Court may deem proper.

Respectfully submitted,

VALDEZ AND WHITE LAW FIRM, LLC

/s/ Timothy L. White
Timothy L. White
124 Wellesley Drive SE
Albuquerque, N.M. 87106
Telephone: (505) 345-0289
tim@valdezwhite.com

Barry K. Arrington*
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com
*admission pro hoc vice forthcoming

Attorneys for Plaintiffs