IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and FOSTER ALLEN HAINES, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 23-cv-771-DHU-LF |
| MICHELLE LUJAN GRISHAM, in her official capacity as the Governor of the State of New Mexico, and PATRICK M. ALLEN, in his official capacity as the Secretary of the New Mexico Department of Health, | § § § § § § § § | |
| Defendants. | | |

## SUPPLEMENTAL MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs submit the following supplement to their motion for preliminary injunction.

### FACTS

1. Governor Grisham issued Executive Order 2023-130 (the "Executive Order") on September 7, 2023. A copy of the Executive Order is attached as Exhibit A to the Complaint. In the Executive Order Governor Grisham declared that a state of emergency exists in in New Mexico due to gun violence.

2. Based on the Executive Order, Secretary Allen issued "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures" dated September 8, 2023 (the "PHE Order"). A copy of the PHE Order is attached to the Complaint as Exhibit B.

1

3.This Court entered its Temporary Restraining Order on September 13, 2023. ECF 11. The TRO restrains Defendants from enforcing most of the provisions of the PHE Order restricting citizens' Second Amendment right to keep and bear arms.

4.In response to the TRO, Secretary Allen amended the PHE Order on September 15, 2023. The amended order (the "APHE Order") is attached as Exhibit C. The APHE Order imposes the following restrictions on the right to bear arms in Bernalillo County (including the City of Albuquerque):

> (1) No person, other than a law enforcement officer or licensed security officer, or active duty military personnel shall possess a firearm, as defined in NMSA 1978, Section 30-7-4.1, either openly or concealed in public parks or playgrounds, or other public area provided for children to play in, within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 according to Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023 according to the New Mexico Department of Public Health, except:
>
> > A. While traveling to or from a location listed in Paragraph (B) of this section; provided that the firearm is in a locked container or locked with a firearm safety device that renders the firearm inoperable, such as a trigger lock.
> >
> > B. In areas designated as a state park within the state parks system and owned or managed by the New Mexico Energy, Minerals and Natural Resources Department State Parks Division, or the State Land Office.

5.Thus, the APHE Order prohibits otherwise lawful carry of firearms in public parks or playgrounds or other public areas provided for children to play in Bernalillo County (including the City of Albuquerque).

6.Plaintiff Haines frequently goes into public parks in Bernalillo County. He desires to lawfully carry firearms while doing so for lawful purposes, including self-defense. Haines Declaration ¶ 2.

7.     One public park covered by the APHE Order is Shooting Range Park located at 16001 Shooting Range Access NW, Albuquerque, NM 87120. Haines Declaration ¶ 3. The City of Albuquerque has the following information about this public park on its website:

> The Shooting Range Park provides a safe convenient location for Albuquerque residents and visitors to enjoy shooting sports and learn the skills of using firearms for personal protection and hunting.
>
> The City of Albuquerque Open Space Division provides and manages this publicly operated shooting range to promote the safe use of firearms in our community and through the state.
>
> The Shooting Range Park provides an alternative to illegal firearm practice on our mesas, open spaces, and vacant areas.
>
> The Shooting Range Park is a premiere shooting facility located conveniently west of Albuquerque. The Park provides a safe environment for shooters of all ages to practice and learn the skills of using a firearm.
>
> Highly trained range staff are on-hand at all times to insure the safety of patrons.

*Id*.

8.     Thus, the APHE Order prohibits residents of the City of Albuquerque from providing these services to accomplish these municipal goals. Haines Declaration ¶ 4

## ARGUMENT

I.     **The APHE Order Remains Unconstitutional**

    A.     **The Plain Text of the Second Amendment Covers Plaintiffs' Conduct**

In *Bruen*, the Court wrote: "We therefore turn to whether the plain text of the Second Amendment protects [plaintiffs'] proposed course of conduct – carrying

handguns publicly for self-defense. We have little difficulty concluding that it does." 142 S. Ct. at 2134. The APHE Order flatly prohibits Plaintiffs from carrying handguns (or any other firearm) in certain public places for self-defense. Therefore, Plaintiffs' burden under step one of the *Bruen* analysis is easily met for the same reason it was met in *Bruen*. Hence, the Constitution presumptively protects Plaintiffs' proposed conduct. Another way of saying the same thing is that the APHE Order is presumptively unconstitutional.

### B. The Government Cannot Carry its Burden Under *Bruen's* Step Two

The APHE Order is only *presumptively* unconstitutional under *Bruen's* step one. The government can still save it if it is able to demonstrate that the order is consistent with the Nation's historical tradition of firearm regulation. *Id.*, 142 S. Ct. at 2129-30. It is not.

Under *Bruen*, laws forbidding the carrying of firearms in certain "sensitive places" such as schools and government buildings, are lawful. 142 S. Ct. at 2133. In this case the government bears the burden of showing that the Governor's prohibition of otherwise lawful carry in "public parks or playgrounds, or other public area[s] provided for children to play" is consistent with the nation's historical tradition of firearms regulation. It cannot make this demonstration because there is no such tradition. See *Wolford v. Lopez*, 2023 WL 5043805, at *20 (D. Haw. Aug. 8, 2023) (no historical analogues for prohibiting carry in parks just because children play there); *Koons v. Platkin*, 2023 WL 3478604, at *81 (D.N.J. May 16, 2023) (no analogues for parks); and *Antonyuk v. Hochul*, 639 F. Supp. 3d 232, 324 (N.D.N.Y. 2022),

4

*reconsideration denied sub nom. Antonyuk v. Nigrelli*, 2022 WL 19001454 (N.D.N.Y. Dec. 13, 2022) (same).

The City of Albuquerque Open Space Division provides and manages the publicly operated Shooting Range Park "to promote the safe use of firearms in our community and through the state." The APHE Order's effect of prohibiting citizens from carrying firearms to this shooting range for the purpose of firearms training and practice is particularly problematic. *See Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011) (The right to possess firearms "wouldn't mean much without the training and practice that make it effective.").

### C.  The Order is Unconstitutionally Vague

The void for vagueness doctrine requires that statutory commands provide fair notice to the public. The doctrine

> [a]ddresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way.... When speech is involved, rigorous adherence to those requirements is necessary to ensure that ambiguity does not chill protected speech.

*F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253–54 (2012). A statute can be impermissibly vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. *StreetMediaGroup, LLC v. Stockinger*, 2023 WL 5355119, at *6 (10th Cir. Aug. 22, 2023).

Here the phrase "other public area provided for children to play" is unconstitutionally vague. People of reasonable intelligence understand what a playground is. But what is an "area provided for children to play"? Obviously, it is

5

something other than a playground; otherwise, it would be redundant. Does a vacant lot where children play baseball in the spring count? Does it still count if it is winter? How is a person supposed to look at an "area" and know whether children are sometimes permitted to play there, especially if children are not present? For all of these reasons, a person of average intelligence would not have enough information at any given time to know whether he was violating the law.

## CONCLUSION

For the foregoing reasons, Plaintiffs renew their motion for preliminary injunction.

Respectfully submitted,

*/s/ Barry K. Arrington*

_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
Voice: (303) 205-7870
Email: barry@arringtonpc.com
Pro Hac Vice

Jason Bowles
Bowles Law Firm
4811 Hardware Drive, N.E., Suite D-5
Albuquerque, N.M. 87109
Telephone: (505) 217-2680
Email: jason@bowles-lawfirm.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

  I hereby certify that on September 21, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington